UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at GREENEVILLE

JOHNNY KAY SEALS )
)
v. ) NO. 2:09-CV-207
) *Greer/Inman*
HAWKINS COUNTY SHERIFF'S DEP'T, )
ROGER CHRISTIAN and KEITH LONG )

**MEMORANDUM and ORDER**

Acting *pro se*, Johnny Kay Seals, a prisoner in the Hawkins County jail in Rogersville, Tennessee, brings this civil rights complaint for injunctive relief under 42 U.S.C. § 1983, alleging that his constitutional rights were violated during his arrest.

**I. The Filing Fee.**

Plaintiff has also filed an application for leave to proceed *in forma pauperis*, but the document is not accompanied by the certified copy of his inmate trust account statement, as required by 28 U.S.C.§ 1915(a)(2). Plaintiff indicates, by penciled notation at the end of his application, that problems with correctional officers have prevented him from obtaining the required statement [Doc. 1]. In *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007), the Sixth Circuit instructed that inmates are not to be penalized due to the recalcitrance of prison officials and that "a case may not be dismissed when the payment of an assessment has been delayed by prison officials." *Id.* at 607-08. Despite the importance of the missing trust account statement, *id*. at 607 (calling the trust account the "key to the assessment procedure"), because plaintiff's efforts to obtain it from unnamed jail authorities have been unsuccessful, his case will advance in the typical fashion.

Therefore, plaintiff's application to proceed *in forma pauperis* is **GRANTED**, and he is **ASSESSED** the civil filing fee of three hundred and fifty dollars ($350). When money becomes available in plaintiff's trust account, the custodian of that account shall submit shall submit to <u>The Clerk, United States District Court; 220 West Depot Street, Suite 200; Greeneville, Tennessee 37743</u>, twenty percent (20%) of plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 has been paid to the Clerk's Office. 28 U.S.C. § 1915(b)(2). To facilitate collection of the fee, the Clerk is **DIRECTED** to send a copy of this order to the custodian of inmate trust accounts at the facility wherein plaintiff is currently housed.

## II. Screening the Complaint.

The Court must now review the complaint to determine whether it states a claim entitling plaintiff to relief or is frivolous or malicious or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) and § 1915A. If so, this suit must be dismissed. In performing this task, the Court bears in mind the rule that *pro se* pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## III. Plaintiff's Allegations.

In his complaint, plaintiff claims that during his arrest, defendant Officer Keith Long fired a shot at him from some twelve yards away, missing the left side of his head by 1/8 of an inch, which has left him with numerous "mental issues" [Doc. 3, Compl. at 4]. He asserts that he was told by jailers that defendant Long fired the shot because he thought the pair of binoculars hanging from plaintiff's neck was a gun. The Court infers that plaintiff is claiming that the shooting constituted

2

excessive force and, thus, infringed on his right not to be subjected to an unreasonable search and seizure.

**IV. Law & Analysis.**

The Fourth Amendment guarantees that [t]he right ... to be secure ... against unreasonable searches and seizures, shall not be violated . . . ." U.S. Const. amend. IV. The Fourth Amendment also protects an arrestee from the use of excessive force. *Graham v. Connor*, 490 U.S. 386 (1989). "[T]he use of deadly force is constitutionally permissible only if the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others." *Floyd v. City of Detroit*, 518 F.3d 398, 407 (6th Cir. 2008) (internal quotation marks and citation omitted). The Court cannot say, at this juncture, that this *pro se* plaintiff's allegations, generously construed, *see Haines*, 404 U.S. at 520, are frivolous or malicious or that they fail to state a claim against defendant Long on which relief may be granted. *Compare Kirby v. Duva*, 530 F.3d 475, 483 n.3 (6th Cir. 2008) ("A police officer who shoots at a suspect, yet misses, may nonetheless have seized that individual where, for example, the shots impair the suspect's movement . . . .") with *Adams v. City of Auburn Hills*, 336 F.3d 515, 519 (6th Cir. 2003) ("This court specifically has held that shooting at a fleeing felon, but missing, is not a "seizure." ) (citations omitted).

The same is not true with respect to the remaining defendants because plaintiff has made no allegations whatsoever against them. The Court is not obliged to assume that a plaintiff would be able to show facts not alleged or that defendants have violated the law in ways not alleged. *See Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir. 1996).

Moreover, one of those defendants, the Hawkins County Sheriff's Department, is a non-suable entity. This is so because this defendant has no legal or corporate existence apart from

Hawkins County and, hence, is not a "person" subject to liability under 42 U.S.C. § 1983. *Brock v. Warren County*, Tenn., 713 F.Supp 238 (E.D. Tenn. 1989). *See also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 & n. 55 (1978) (For purposes of a § 1983 action, a "person" includes individuals and "bodies politic and corporate.").

Also, to the extent that plaintiff is seeking to impose supervisory liability on the other remaining defendant, Sheriff Roger Christian, for the actions of his subordinate, defendant Long, this theory is infeasible because § 1983 liability must be based on more than respondeat superior, or a defendant's right to control employees. *Taylor v. Michigan Dep't of Corrections,* 69 F.3d 76, 80-81 (6th Cir. 1995); *Hays v. Jefferson County, Ky.*, 668 F.2d 869, 874 (6th Cir. 1982). And too, plaintiff must establish the personal involvement of each defendant in the supposed constitutional deprivation. *See Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991) (explaining that personal liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others"). Nothing of the sort has been shown here.

Therefore, Hawkins County Sheriff's Department and Sheriff Roger Christian are **DISMISSED** as defendants because plaintiff has not stated a claim against them.

However, because plaintiff has stated an arguable claim against defendant Keith Long, the Clerk is **DIRECTED** to send plaintiff a service packet. (The packet contains a blank summons and USM 285 form.) Plaintiff is **ORDERED** to complete the service packet and to return it to the Clerk's office within twenty (20) days of the date on this Order. Plaintiff is forewarned that failure to return the completed service packet within the time required could jeopardize his prosecution of this action.

When the completed service packet is received by the Clerk, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service upon defendant. Defendant is **ORDERED** to respond to the complaint in the manner and within the time required by the Federal Rules of Civil Procedure.

Plaintiff is **ORDERED** to inform the Court of any address change within ten (10) days following such change. He is further cautioned that his failure to do so will result in a dismissal of this action for failure to prosecute.

**ENTER**:

s/J. RONNIE GREER
UNITED STATES DISTRICT JUDGE